**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM F. SEVERINO, III, | : | CIVIL ACTION NO. 11-3767 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| DIVISION OF YOUTH & FAMILY SERVICES, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFF**, who is pro se, applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application"). (Dkt. entry no. 1, Appl.) This Court, based upon the plaintiff's financial situation, will (1) grant the Application, and (2) deem the Complaint to be filed. The Court may now (1) review the Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss the Complaint, as it is frivolous and fails to state a claim on which relief may be granted.[1]

**THE DEFENDANTS** in this action ("Federal Action") are (1) the New Jersey Division of Youth and Family Services ("NJDYFS"), (2)

---

[1] The plaintiff is no stranger to pro se litigation. See, e.g., Severino v. Boro.Sayreville, No. 10-5707 (D.N.J.); Severino v. Sayreville Police Dept., No. 10-2762 (D.N.J.).

a NJDYFS caseworker ("Caseworker"), (3) two New Jersey Superior Court judges ("State Court Judges"), (4) a deputy attorney general ("DAG"), (5) an attorney with the New Jersey Office of Parental Representation ("NJOPR"), which is a unit of the New Jersey Office of the Public Defender ("NJOPD") (hereinafter, the aforementioned attorney will be referred to as "NJOPR Attorney"), (6) an attorney supervisor assigned to either the NJOPD or the NJOPR alone ("Attorney Supervisor"), and (7) a private attorney ("Pool Attorney") once assigned to represent the plaintiff.  (See dkt. entry no. 1, Compl.)

**THE PLAINTIFF** brings the Federal Action pursuant to 42 U.S.C. § 1983, alleging that the defendants conspired to violate his constitutional rights by instituting a state proceeding ("State Proceeding") against him.  (Id. at 1 (alleging "conspiracy, wicked as the worst of felons could devise, has gone un-whipped of justice").)  The Court is able to discern the following allegations:  (1) the Caseworker investigated the plaintiff for abuse and neglect of a child ("Child"), (2) the DAG prosecuted the plaintiff, (3) the NJOPR Attorney represented the Child's mother, (4) the Pool Attorney represented the plaintiff, but was part of the conspiracy to deprive him of his parental rights, (5) the Attorney Supervisor conspired to assist the NJOPR Attorney, (6) the plaintiff was found in the State Proceeding to have neglected the Child, and (7) the State Court Judges entered

against the plaintiff (a) judgments terminating his parental rights, and (b) restraining orders.  (See generally Compl.)

**THE PLAINTIFF** is attempting to avoid orders in the State Proceeding.  The proper way to do so is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court.  See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).

**THE ROOKER-FELDMAN DOCTRINE** prohibits adjudication of an action where the relief requested would require a federal court to either determine whether a state court's decision is wrong or void that decision, and thus would prevent a state court from enforcing its orders.  See McAllister v. Allegheny Cnty. Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005).  This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a decision in the State Proceeding.  See Gass v. DYFS Workers, 371 Fed.Appx. 315, 315-16 (3d Cir. 2010) (affirming judgment dismissing claim asserted against state court judge, NJDYFS, NJDYFS officials, deputy attorneys general, and NJOPD attorney representing plaintiff in action concerning parental-rights-termination proceeding, as barred by Rooker-Feldman doctrine).

**THIS COURT** also must abstain from exercising jurisdiction, pursuant to the Younger abstention doctrine, when (1) a state

3

court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in state court.  See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).  This Federal Action is thus barred because the State Proceeding can be viewed as being "ongoing for purposes of Younger Abstention", as (1) the plaintiff "could have appealed the termination of his parental rights first to the Appellate Division and then to the New Jersey Supreme Court", but "elected to forgo these appeals and instead file the instant federal claim", (2) the state has a substantial interest in parental rights proceedings, and (3) the plaintiff had an opportunity to raise constitutional claims in the State Proceeding.  See McDaniels v. N.J. Div. of Youth & Family Servs., 144 Fed.Appx. 213, 214-16 (3d Cir. 2005) (affirming judgment dismissing claim of constitutional violations committed in parental-rights-termination proceeding).

    **NJDYFS**, as well as the Caseworker, DAG, NJOPR Attorney, and Attorney Supervisor in their official capacities, also are not subject to liability here.  See Gass, 371 Fed.Appx. at 316 (affirming judgment dismissing claim asserted against, among others, NJDYFS, NJDYFS officials, deputy attorneys general, and NJOPD attorney, as plaintiff could not recover money damages against such officials).  The Court also can discern nothing in

the Complaint showing that the aforementioned individual defendants are not entitled to qualified immunity because they engaged in conduct that violated clearly established statutory or constitutional rights of which a reasonable person would have known, and thus finds that liability cannot attach to them in their individual capacities.  See id.; see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

**THE FEDERAL ACTION** also insofar as it is brought against the State Court Judges is barred under the doctrine of immunity, as the allegations asserted against them concern their judicial acts.  State court judges cannot be held civilly liable for judicial acts, even when those acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly.  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).

**TO THE EXTENT** that the plaintiff is asserting claims against the DAG, the NJOPR Attorney, the Attorney Supervisor, and the Pool Attorney, his claims are also barred, as those defendants are immune from liability here.  See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (concerning prosecutor); Burns v. Reed, 500 U.S. 478, 492 (1991) (same); Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (same); see also Polk County v. Dodson, 454 U.S. 312, 325 (1981) (concerning public defender); Santos v. New Jersey, 393 Fed.Appx. 893, 895 (3d Cir. 2010) (same).

**TO THE EXTENT** that the plaintiff asserts any discernible allegations concerning a conspiracy on the part of the defendants to deprive him of federal rights, such allegations appear to be based on mere speculation and thus are without merit.  See Gera v. Pennsylvania, 256 Fed.Appx. 563, 565-66 (3d Cir. 2007).

**THE PLAINTIFF** also seeks emergent relief.  (See dkt. entry no. 2.)  The Court finds that the plaintiff is unlikely to succeed on the merits, as the Court is dismissing the Complaint.  See Fed.R.Civ.P. 65; see also L.Civ.R. 65.1 (stating no order to show cause to bring a matter for a hearing will be granted except on a clear and specific showing of good and sufficient reasons by the party seeking relief as to why a procedure other than by notice of motion is necessary).  The application for emergent relief will be denied.

**THE COURT** will dismiss the Complaint for the aforementioned reasons.  The Court will issue an appropriate order and judgment.

       s/ Mary L. Cooper
   **MARY L. COOPER**
   United States District Judge

Dated:    November 14, 2011